

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:06cr16

RONNIE WILLIAM HUNT

**MEMORANDUM OPINION**

Ronnie William Hunt, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 74.)  The Government has responded, asserting, inter alia, that Hunt's § 2255 Motion is barred by the statute of limitations.  (ECF No. 79.)  For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations.

**I.  PROCEDURAL HISTORY**

On January 17, 2006, a grand jury charged Hunt with: possession with intent to distribute marijuana (Count One); possession of a firearm in furtherance of a drug trafficking crime (Count Two); and possession of a firearm by an unlawful user of controlled substances (Count Three).  (Indictment 1-2, ECF No. 1.)  On July 31, 2006, a jury convicted Hunt of Count Three, but could not agree on a disposition for Counts One and Two.  (Jury Verdict 1, ECF No. 38.)  Accordingly, the Court declared a mistrial as to Counts One and Two and ordered a new

jury trial on those counts. (ECF No. 39, at 1.) On September 27, 2006, a jury convicted Hunt of Counts One and Two. (Jury Verdict 1, ECF No. 46.) On December 19, 2006, the Court entered judgment against Hunt and sentenced him to 51 months of imprisonment on Counts One and Three, to run concurrently, and 120 months of imprisonment on Count Two, to run consecutively. (J. 1-2, ECF No. 50.)[1] The United States Court of Appeals for the Fourth Circuit affirmed Hunt's convictions and sentence on January 25, 2008. United States v. Hunt, 262 F. App'x 491, 493 (4th Cir. 2008).

On May 27, 2014, Hunt placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 3.) The Court deems the § 2255 Motion filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Hunt asserts that he is entitled to relief pursuant to Alleyne v. United States, 133 S. Ct. 2151 (2013), because the "prosecutor [c]annot make and [sic] end run around the [j]urisdictional prerequisite of an indictment by charging any [f]ederal [o]ffense, then proceeding to prosecute a defendant for a different, albeit related offense." (§ 2255 Mot. 1-2.)

---

[1] By Order entered on July 17, 2015, the Court granted Hunt's motion for sentence reduction pursuant to 18 U.S.C. 3582(c)(2) and reduced Hunt's sentence from 51 months on Counts One and Three to 41 months. (ECF No. 85.)

## II.  ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)**  A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
> **(1)**  the date on which the judgment of conviction becomes final;
>
> **(2)**  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)**  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)**  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Hunt filed an appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Thursday, April 24, 2008, the last date to file a petition for certiorari in the Supreme

Court.   See United States v. Sosa, 364 F.3d 507, 509 (4th Cir. 2004); Sup. Ct. R 13(1) (requiring that a petition for certiorari be filed within ninety days).   Hence, Hunt had until Friday, April 24, 2009 to file any motion under 28 U.S.C. § 2255.   Because Hunt did not file his § 2255 Motion until June 2014, the motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

Hunt asserts that his motion should be deemed timely under 28 U.S.C. § 2255(f)(3) because, he argues, the Supreme Court's decision in Alleyne is a new right recognized by the Supreme Court that must be made retroactively applicable to cases on collateral review.   In Alleyne, the Supreme Court held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155.   However, contrary to Hunt's assertions, although Alleyne did announce a new constitutional rule of criminal procedure, the case is not retroactive on collateral review.   See Crayton v. United States, No. 13-3548, --- F.3d ----, 2015 WL 3895767, at *1-2 (7th Cir. June 25, 2015); Williams v. United States, No. 4:09cr00039, 2014 WL 526692, at *4 (W.D. Va. Feb. 7, 2014).   Therefore, because Alleyne is not retroactive, Hunt's § 2255 motion cannot be timely under 28 U.S.C. § 2255(f)(3).   Thus, Hunt has failed to

4

demonstrate any basis for excusing his failure to comply with the statute of limitations.[2]

### III. CONCLUSION

For the foregoing reasons, Hunt's § 2255 Motion (ECF No. 74) will be denied. The action will be dismissed. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Hunt and counsel for the Government.

It is so ORDERED.

/s/ *REP*
_____
Robert E. Payne
Senior United States District Judge

Date: *August 10, 2015*
Richmond, Virginia

_____

[2] Neither Hunt nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2) or (4), or for equitable tolling.